## MONCRIEF a. MONCRIEF.

*Supreme Court, First District ; Special Term, April*, 1860.

### ORDER FOR ALIMONY.—APPEAL.

An order making an allowance to the wife, pending an action for divorce, is not appealable.

Order to show cause why a stay of proceedings should not be vacated.

BONNEY, J.—This is an action by a wife against her husband for separation. Answer was put in, and the action noticed for trial at February circuit. On plaintiff's motion, on notice, an order was made on 9th March last, that defendant pay to plaintiff, on 12th March, alimony at the rate of five dollars per week, from the commencement of the action, and a counsel-fee of fifty dollars to her attorney. From this order the defendant, on 10th March, appealed to the general term ; and he thereupon gave the undertaking for the payment of any amount which may be awarded against him in the appeal ; and on the 2d April, inst., on an affidavit of these facts, he obtained from me an *ex-parte* order staying plaintiff's proceedings on said order of 9th March, until the hearing and decision of the appeal.

The plaintiff, in order to show cause, now moves to vacate said order staying proceedings, and in my opinion the motion must be granted. Section 349 of the Code does not, I think, include the order in question, in its specification of the orders from

which an appeal may be taken.   Clearly this order is not a *provisional remedy*.   (See *Code*, tit. 7.)   Nor can it be said that it affects a *substantial right* of the defendant within the meaning and intent of subdivision 3 of said section 349, inasmuch as the granting or refusing alimony or an allowance for legal expenses during the pending of a suit is entirely within the discretion of the court.   (3 *Rev. Stat.*, 5th ed., 230, § 72.)

The purpose for which these and all similar allowances are made in all cases, whether the wife be plaintiff or defendant, is to provide for her present maintenance during the pendency of the action to which she is a party, and to enable her to pay expenses of bringing her cause to trial; and if the husband can, by appeal, stay proceedings on such orders for allowance, he may thereby render the statute which authorizes them in effect nugatory; and the wife, whether plaintiff or defendant, may not only be defeated in the action for want of ability to pay the necessary expenses of trial, but may, while the suit is pending, be reduced to absolute destitution, and starved into submission to her husband's demands.

Order staying proceedings vacated, with ten dollars costs to plaintiff.